**SIGNED THIS: November 06, 2008**

_____
                        **GERALD D. FINES**
                **UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAN CLINTON KELLY, | ) | Bankruptcy Case No. 07-90481 |
| | ) | |
| Debtor. | ) | |
| | | |
| DAN CLINTON KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 08-9011 |
| | ) | |
| FIRST MID-ILLINOIS BANK & | ) | |
| TRUST, N.A., a banking corporation, | ) | |
| and MARK BLUHM, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| IN RE: | ) | |
| | ) | |
| NORMA FAYE KELLY, | ) | Bankruptcy Case No. 07-90482 |
| | ) | |
| Debtor. | ) | |
| | | |
| NORMA FAYE KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 08-9012 |
| | ) | |
| FIRST MID-ILLINOIS BANK & | ) | |
| TRUST, N.A., a banking corporation; | ) | |

MARK BLUHM; and                    )
CHARLES MILLER,                    )
                                   )
                    Defendants.    )


OPINION


These matters having come before the Court on Motions to Dismiss and for Judgment on the Pleadings filed by the Defendants, and Plaintiff's Objection to Defendants' Motion to Dismiss and for Judgment on the Pleadings in each above-captioned case; the Court, having heard arguments of counsel and reviewed written memoranda of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

In order to allow judgment on the pleadings, this Court must find that a plaintiff cannot prove any facts to support a claim for relief and that the moving party demonstrates there is no genuine issue of material fact to be resolved. Supreme Laundry Service, L.L.C. vs. Hart Cas. Ins. Co., 521 F.3d 743 (7th Cir. 2008). In considering a motion for judgment on the pleadings, as with a motion for summary judgment, the Court must view all evidence in a light most favorable to the non-moving party and draw all inferences in the non-movant's favor. Valley Liquors, Inc. v. Renfield Importers, Ltd., 822 F.2d 656 (7th Cir. 1987); Santiago v. Lane, 894 F.2d 218 (7th Cir. 1990).

In reviewing all of the motions before it, the affidavits in support of those motions, and the legal arguments submitted by the parties, the Court finds that there are genuine issues of material fact to be resolved. As a result, these matters are not ripe for either a dismissal or a judgment on the pleadings. The testimony submitted by the Debtors in their affidavits raises a significantly probative fact as to whether they were in default at the time the Defendant Bank made withdrawals from their accounts, together with other contested facts,

requires this Court to deny the Motions to Dismiss and for Judgment on the Pleadings in both of the above-captioned adversary proceedings.

In addition to finding that the Motions to Dismiss and for Judgment on the Pleadings must be denied as a result of their being genuine issues of material fact, this Court also finds that the Defendants' argument as to the *res judicata* effect of the State Court litigation in Coles County, Illinois, is incorrect.  The State Court litigation was not a final judgment on the merits and is, in fact, subject to a motion to vacate said default judgment filed by the Plaintiffs/Debtors pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-1401, which remained pending at the time that said case was removed to this Court on motion by the Plaintiffs/Debtors.

In conclusion, the Court finds that the Motions to Dismiss and for Judgment on the Pleadings filed by the Defendants in both above-captioned adversary proceedings must be denied and that the matters should proceed to trial in due course.

###